**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| JULIUS ANANE | : |
| | :    CIVIL ACTION |
| Plaintiff, | : |
| | :    No.: 21-3814 |
| v. | : |
| | : |
| THE DEVERAUX FOUNDATION | : |
| D/B/A DEVERAUX ADVANCED | : |
| BEHAVIORAL HEALTH, et al. | : |
| | : |
| Defendants. | : |
| | : |

---

## MOTION TO ALTER/AMEND JUDGMENT

Plaintiff, by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 59(e), hereby respectfully moves this Court to amend the Judgment in this matter to include an award of liquidated damages consistent with the jury's verdict. The basis for the instant motion is as follows:

1. Plaintiff filed a complaint alleging violations of the ADEA on August 26, 2021. *See* ECF No. 1.

2. On May 31, 2022, Plaintiff filed his First Amended Complaint to add violations of the PHRA, as he had exhausted his administrative remedies. *See* ECF no. 27.

3. The trial in this matter was held before Judge Kenney on July 18, 19, and 20, 2022.

4. On July 20, 2022, the jury rendered a verdict for the Plaintiff. This included answering "Yes" to Questions 1 and 3 on the Verdict Slip. Number 3 specifically asked, "Do you find that the Defendant, Deveraux, acted willfully, that is, that Defendant knew or showed reckless disregard for whether the termination of Plaintiff Anane was prohibited by law?" *See* ECF No. 55.

5. On July 20, 2022, Judge Kenney entered an order noticing the total amount of the award as "$181,000.00." *See* ECF No. 56.

6. This amount reflects what was awarded on the Verdict Slip, but does not include liquidated damages, as assessed under the Law.

7. The ADEA provides for liquidated damages (doubling of the award of back pay and fringe benefits) "in cases of willful violations" of the Act. 29 U.S.C. § 626(b).

8. Since the jury found that Defendants' conduct was willful, Plaintiff is entitled to an award of liquidated damages.

9. As such, pursuant to Fed. R. Civ. P. 59(e), Plaintiff requests an Order amending the Judgment to include $83,000.00 in liquidated damages consistent with the jury's findings, for a total award of $264,000.00.

Respectfully Submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Jeremy M. Cerutti*
Jeremy M. Cerutti, Esq.
Christa Levko, Esq.
Attorneys for Plaintiff

Date: July 26, 2022

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

JULIUS ANANE                                  :
                                              :      CIVIL ACTION
                      Plaintiff,              :
                                              :      No.: 21-3814
            v.                                :
                                              :
THE DEVERAUX FOUNDATION                       :
D/B/A DEVERAUX ADVANCED                        :
BEHAVIORAL HEALTH, et al.                     :
                                              :
                      Defendants.             :
_____:

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT

Plaintiff, by and through his undersigned counsel, hereby submits the following Brief in support of his Motion to Alter/Amend the Judgment:

**I.      PRELIMINARY STATEMENT**

A jury trial on Plaintiff's ADEA/PHRA claims was conducted on July 18, 19, and 20, 2022. The trial on those claims concluded on July 20, 2022 and the jury rendered a verdict in favor of the Plaintiff on his claims, including finding that the Defendants willfully violated his rights under the ADEA. Accordingly, the jury awarded Plaintiff $83,000 in back pay damages (as well as $42,000 in front pay damages and $56,000 in emotional distress damages). *See* Docket Entry No. 55. On July 20, 2022, this Honorable Court entered judgment in favor of Plaintiff in the total amount of $181,000. *See* Docket Entry No. 56.

By way of this motion, Plaintiff seeks an amendment of the Judgment because it failed to include an award of liquidated damages pursuant to 29 U.S.C. § 626(b). Liquidated damages

equivalent to the award of back pay are warranted in light of the jury's finding of "willfulness." For the reasons set forth herein, the Plaintiff's motion should be granted.

## II.   <u>ARGUMENT</u>[1]

Rule 59(e) allows a trial court to correct a verdict that is incorrect as a matter of law. *Mumma v. Reading Co*., 247 F. Supp. 252, 260 (E.D. Pa. 1965).  *Watcher v. Pottsville Area Emergency Med. Servs.,* 248 F. App'x 272, 275 (3d Cir. 2007).

### A.  Liquidated Damages Are a Statutory Remedy Under the ADEA that Should Be Awarded Consistent with the Jury's Findings.

It is well established that the ADEA provides for liquidated damages "in cases of willful violations" of the Act. 29 U.S.C. § 626(b). In Mr. Anane's matter, the jury responded **"Yes"** to the query:

> 3.      Do you find that the Defendant, Deveraux, **<u>acted willfully</u>**, that is, that Defendant **<u>knew or showed reckless disregard</u>** for whether the termination of Plaintiff Anane was prohibited by law?
>
> Jury Verdict Slip (emphasis added) at Docket Entry No. 55.

Where an employer's age discrimination is willful, the ADEA requires that liquidated damages equal to the employee's lost pay be awarded. 29 U.S.C. § 626(b) (incorporating liquidated damages provisions of 29 U.S.C. § 216(b) (2000)); *Watcher v. Pottsville Area Emergency Med. Servs.,* 248 F. App'x 272, 275 (3d Cir. 2007); *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 357, 130 L. Ed. 2d 852, 115 S. Ct. 879 (1995); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128-129, 83 L. Ed. 2d 523, 105 S. Ct. 613 (1985).

The ADEA incorporates many of the enforcement and remedial mechanisms of the Fair Labor Standards Act of 1938 ("FLSA"). Like the FLSA, the ADEA provides for "such legal or

---

[1] Plaintiff has omitted a detailed factual and procedural history, as the Court is likely well acquainted with the facts in this matter.

4

equitable relief as may be appropriate to effectuate the purposes of this chapter." 29 U.S.C. §
626(b). That relief may include "without limitation employment, reinstatement, promotion, and
the payment of wages lost *and an additional equal amount as liquidated damages*." 29 U.S.C. §
216(b); *Argue v. David Davis Enters.,* No. 02-9521, 2008 U.S. Dist. LEXIS 11416, at *4-5 (E.D.
Pa. 2008).   The ADEA provides that liquidated damages are available where the defendant's
violation was "willful." 29 U.S.C. § 626(b).  For purposes of that provision, the Supreme Court
had defined willfulness as meaning that the defendant "either knew or showed reckless disregard
for the matter of whether its conduct was prohibited by the ADEA." *Trans World Airlines, Inc. v.
Thurston*, 469 U.S. 111, 128-29, 105 S. Ct. 613, 83 L. Ed. 2d 523 (1985); *See Martin v. Cooper
Elec. Supply Co*., 940 F.2d 896, 907 (3d Cir. 1991) ("the employee need not establish an intentional
violation of the Act to recover liquidated damages").

Thus, there is no question that liquidated damages are acceptable under the ADEA.  *Id.*
"[W]hen a *jury* finds that an employer willfully violated the ADEA, the basic damages award may
be doubled under [the] liquidated damages provision.") *Potence v. Hazleton Area Sch. Dist.*, 357
F.3d 366, 372 (3d Cir. 2004); *Heller v. Elizabeth Forward Sch. Dist.,* 182 F. App'x 91, 97 (3d Cir.
2006).  In most cases, the question of whether liquidated damages are warranted "will be dependent
upon an ad hoc inquiry into the particular circumstances." *Kelly v. Matlack, Inc*., 903 F.2d 978,
982 (3d Cir. 1990).  *The employer bears the burden of proving
that liquidated damages are not warranted.*  *Martin v. Cooper Elec. Supply Co*., 940 F.2d 896,
908 (3d Cir. 1991); *Morgan v. RCL Mgmt., LLC*, No. 18-cv-0800, 2020 U.S. Dist. LEXIS 109491,
at *7-8 (E.D. Pa. 2020).   The employer's burden is a "difficult one to meet" as
*"[d]ouble damages are the norm, single damages the exception." Id.*

In this case, after more than two days of trial, the jury determined the facts and found that Defendants' conduct was willful (as reflected in their answer to Question No. 3 on the Verdict Form). This finding was amply supported by the facts of the case, including, but not limited to: (1) Spencer was a high-level manager of Defendants who made blatantly age-related discriminatory comments to and about Mr. Anane; (2) Defendants were provided training such that they were aware that targeting and terminating an employee because of his age is a violation of the law; (3) despite this knowledge, Defendants targeted and terminated Mr. Anane because of his age and treated him completely disparately compared to his younger colleagues; (4) Defendants lied about not making discriminatory comments to him; (5) Defendants were not truthful about who made the decision to terminate Mr. Anane; (6) Defendants covered up Spencer's involvement in Mr. Anane's termination; and (7) Defendants fabricated a reason for termination. This conduct is more than sufficient evidence on which the jury concluded that Defendants knew or showed reckless disregard for whether its' conduct was a violation of the law. As a result, Plaintiff is entitled to an award of liquidated damages, pursuant to the ADEA, in the amount equal to the back pay award.

Thus, Plaintiff respectfully requests that this Court amend the Judgment to include an award of $83,000 in liquidated damages consistent with the jury's verdict, for a judgment in the total amount of $264,000.

Plaintiff will be separately filing a Fee Petition and Bill of Costs.

III.   **CONCLUSION**

For the reasons set forth above and consistent with the jury's findings, Plaintiff requests that this Honorable Court amend the judgment to include an award of liquidated damages in the amount of $83,000, making the total award ***$264,000.00***.

Respectfully Submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Jeremy M. Cerutti*
Jeremy M. Cerutti, Esq.
Christa Levko, Esq.
Attorneys for Plaintiff

Date: July 26, 2022

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| JULIUS ANANE | : |
| | :   CIVIL ACTION |
| Plaintiff, | : |
| | :   NO. 2:21-CV-03814 |
| v. | : |
| | : |
| THE DEVERAUX FOUNDATION | : |
| D/B/A DEVERAUX ADVANCED | : |
| BEHAVIORAL HEALTH | : |
| | : |
| and | : |
| | : |
| DEVERAUX PENNSYLVANIA | : |
| CHILDRENS INTELLECTUAL AND | : |
| DEVELOPMENTAL DISABILITY | : |
| SERVICES ("CIDDS") | : |
| | : |
| Defendants. | : |

---

## CERTIFICATE OF SERVICE

I certify that on the date set forth below I served the Defendants with Plaintiff's Motion to

Amend/Alter Judgment at:

John P. Gonzales, Esq.
Ashley Toth, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
jpgonzales@mdwcg.com


*/s/ Jeremy M. Cerutti*
Jeremy M. Cerutti, Esq.

Dated: July 26, 2022